# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1043

_____

United States of America,

        Appellee,

v.

Charles Darnell Yocum,

        Appellant.

\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]

_____

Submitted: November 15, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Charles Darnell Yocum pleaded guilty to one count of knowingly possessing firearms while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and one count of possessing firearms after having previously been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9). Following his guilty plea, the district court sentenced Yocum to concurrent terms of 87 months' imprisonment on the two counts. Yocum appeals, arguing that the district court erred in convicting and sentencing him for two counts of possession of firearms under § 922(g), when the counts arose out of a single

act of possession and erred in overruling his objection to a four-level enhancement under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(6) by failing to hold the Government to its burden of proof.

On December 5, 2008, police officers executed a search warrant of Yocum's residence. Within the residence, police located a pistol underneath a chair cushion in the upstairs living room area. In the kitchen, police found $475 in United States currency, a plastic bag containing approximately eight grams of marijuana, a roll of plastic bags, and a digital scale on the kitchen table and three other digital scales throughout the kitchen. Officers discovered a gun safe and a pistol safe in the garage that they opened after Yocum provided the combination. Within the pistol safe were several handguns, including three that had been reported as stolen. Within the gun safe were several bags of marijuana, a jar containing marijuana, numerous guns, and $8,481 in United States currency wrapped in a rubber band. Next to the gun safe was a chest-type freezer containing additional quantities of marijuana and ecstasy pills. In the bedroom where Yocum slept, police located approximately $4,300 in United States currency under the bottom dresser drawer, a plastic baggie containing 8.3 grams of crack cocaine on top of the dresser, a set of digital scales, and two plastic baggies containing small amounts of marijuana. In an interview with the police following the search, Yocum admitted that the marijuana was his for his personal use, and he stated that everything in the house belonged to him.

Following Yocum's guilty plea, a Presentence Investigation Report (PSR) was prepared, which recommended a four-level enhancement for possessing a firearm in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6). Yocum objected to the application of this enhancement.

At the sentencing hearing, Yocum testified that he had been collecting firearms since 2003 for investment purposes and hunting and that he had purchased the firearms from individuals and licensed dealers. Yocum also testified that he kept the

marijuana in the safe to keep it away from his children.  He testified that the money was income from various jobs and was in the safe to prevent people from stealing it. He testified that he kept the firearms in the safe to keep them away from his children. Regarding the gun under the chair cushion, he testified that he had been out shooting earlier in the evening and had set it in the living room because he was the only one home at the time and "didn't feel like going downstairs."  (Sent. Tr. at 23.)  He fell asleep and when he woke up, he put it underneath the cushion to prevent his daughter from seeing it in the morning when she left for school.

At the sentencing hearing, the Government's counsel argued that the "evidence support[ed] that the firearms were used in connection with another felony offense." (Sent. Tr. at 25.)  He asserted that "there [was] clearly sufficient evidence to show that this gun was used in connection with another offense and that the defendant ha[d] not met [his] burden."  (Sent. Tr. at 25-26.)  After hearing the arguments of both parties, the district court stated, "I find that it is—the defendant has not met [his] burden of proof. . . . I think the evidence, in fact, is overwhelming that, in fact, these—the guns were used in connection with distribution of drugs.  So I overrule the objection." (Sent. Tr. at 28.)

Yocum now appeals, arguing that: (1) the district court plainly erred in convicting and sentencing Yocum for two violations of 18 U.S.C. § 922(g) when the two convictions arose out of a single act of possession; and (2) the district court plainly erred in failing to hold the Government to its burden of proof when applying the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6).

First, Yocum challenges his dual convictions.  Because he did not object in the district court, we review the issue for plain error.  Under plain error review, Yocum "must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." See United States v. Henderson, 613 F.3d 1177, 1184 (8th Cir. 2010) (internal quotation marks omitted).  "A plain error will not be corrected unless (4) it seriously affects the

fairness, integrity, or public reputation of the judicial process." Id. (internal quotation marks omitted).

Here, the Government (without acknowledging or addressing its own responsibility for any error in the sentencing process) concedes that the district court committed plain error when it convicted and sentenced Yocum under a two-count indictment because when there is a single act of possession, an individual may only be convicted of one count of possession under 18 U.S.C. § 922(g), regardless of the number of statutory classifications the individual satisfies. In United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (en banc), decided three years before the sentencing in this case, we joined the other circuits that had addressed the issue and held, en banc, that "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification." By convicting Yocum of two counts of violating § 922(g) based on a single act of possession, the district court committed a plain error that affected his substantial rights. We must correct this error because it seriously affects the fairness, integrity, and public reputation of the judicial process to improperly convict an individual of two counts of violating § 922(g) based on a single act of possession when we have previously explained that an individual may only be convicted of one count arising out of a single incident of possession.

Because the district court plainly erred in convicting Yocum of two counts, we remand to the district court to vacate both sentences, merge the counts of conviction into one count, and resentence him based on a single conviction under § 922(g). See Richardson, 439 F.3d at 423. Although we need not address Yocum's second argument because we remand for resentencing based on Yocum's first argument, we do note that Yocum is correct that the district court erred by improperly applying the "not clearly improbable" standard from the commentary to U.S.S.G. § 2D1.1(b)(1) and by failing to hold the Government to its burden of proof when considering the separate four-level enhancement authorized by U.S.S.G. § 2K2.1(b)(6).

Accordingly, the judgment of the district court is reversed, and this case is remanded for further proceedings consistent with this opinion.

_____